**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carmen Noel FUENTES, Defendant–**
**Appellant.**

No. 03–40507.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

James Lee Turner, Assistant US Attorney, David Hill Peck, US Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Rudy Xavier Rodriguez, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Carmen Noel Fuentes appeals his sentence for his guilty-plea conviction for ille-

---

* Pursuant to 5TH CIR. R. 47.5, the court has     determined that this opinion should not be

gal reentry into the country after having been deported following an aggravated felony conviction. *See* 8 U.S.C. § 1326(b)(2). For the first time on appeal, he argues that § 1326(b)(2) is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

As conceded by Fuentes, his challenge to the constitutionality of 8 U.S.C. § 1326(b)(2) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which was not overruled by *Apprendi. See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). Moreover, the indictment specifically charged that Fuentes had previously been convicted of an aggravated felony.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.